FILED

DAVID G. SPIVAK, State Bar # 179684
THE SPIVAK LAW FIRM
9454 Wilshire Blvd.
Suite 303
Beverly Hills, CA 90212
    Telephone    (310) 499-4730
    Facsimile    (310) 499-4739
    Email    david@spivaklaw.com

2008 SEP 17 PM 3: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorney for Plaintiff,
DANIEL ALVAREZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DANIEL ALVAREZ,

    *Plaintiff(s),*

    vs.

COUNTY OF LOS ANGELES; LOS
ANGELES COUNTY SHERIFF'S
DEPARTMENT; ROBERT FULOP;
KENNETH DAILY; STEVE SATHER;
DEPUTY FRAZIER, first name unknown;
and DOES 1 THROUGH 10, in their
individual and official capacities,

    *Defendant(s).*

Case No. **CV08-06118**

**COMPLAINT FOR CIVIL RIGHTS
VIOLATIONS PURSUANT TO 42 U.S.C.
§ 1983 AND VIOLATIONS OF STATE
LAW**

**\*JURY TRIAL DEMANDED\***

## INTRODUCTION

1.    This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and

1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under

the common law of the State of California, against several deputies and employees of the LOS

ANGELES COUNTY SHERIFF'S DEPARTMENT for Defendant COUNTY OF LOS

ANGELES, in their individual capacities and against Defendant COUNTY OF LOS ANGELES.

1

1  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this
2  Court to entertain claims arising under state law.

3      2.    It is alleged that the Individual Defendants - individual sheriff's deputies, agents
4  and employees employed by Defendant COUNTY OF LOS ANGELES - made an unreasonable
5  seizure of the person of Plaintiff DANIEL ALVAREZ, violating his rights under the Fourth and
6  Fourteenth Amendments to the United States Constitution, and that these defendants assaulted
7  and battered Plaintiff. It is further alleged that these violations and torts were committed as a
8  result of policies and customs of Defendant COUNTY OF LOS ANGELES.

9

10                          **JURISDICTION AND VENUE**

11     3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, §
12  1343(a)(3), § 1343(a)(4), and § 1367.

13     4.    Venue is appropriate in the Central District of California under 28 U.S.C. § 1391
14  because the Defendants reside in the Central District of California, all Defendants reside in the
15  same State, and all of the events or omissions giving rise to the claim occurred in the Central
16  District of California.

17

18                              **PARTIES**

19     5.    Plaintiff DANIEL ALVAREZ was at all material times a resident of the County
   of Los Angeles, State of California.

20     6.    Defendant COUNTY OF LOS ANGELES is a public entity, organized under the
21  laws of the State of California with the capacity to sue and be sued. DEFENDANT COUNTY
22  OF LOS ANGELES is sued in its own right and on the basis of the acts of its officers,
23  employees, and agents, which were taken pursuant to Defendant COUNTY OF LOS ANGELES
24  custom and policy. At all times relevant herein, the officers, employees, and agents of Defendant
25  COUNTY OF LOS ANGELES were acting under color of state law.

26     7.    Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT is a public
27  entity, organized under the laws of the State of California with the capacity to sue and be sued.
28  Defendant COUNTY OF LOS ANGELES is the legal and political entity responsible for the
   actions of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and its officers and



2

employees. Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT is a department of Defendant COUNTY OF LOS ANGELES government. At all times relevant herein, the officers, employees, and agents of Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT were acting under color of state law.

8.     Defendant ROBERT FULOP is a sheriff's deputy, police officer, employee and/or agent of Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and is sued in his individual and official capacities.

9.     Defendant KENNETH DAILY is a sheriff's deputy, police officer, employee and/or agent of Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and is sued in his individual and official capacities.

10.    Defendant STEVE SATHER is a sheriff's deputy, police officer, employee and/or agent of Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and is sued in his individual and official capacities.

11.    Defendant DEPUTY FRAZIER whose first name is unknown to Plaintiff, is a sheriff's deputy, police officer, employee and/or agent of Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and is sued in his individual and official capacities.

12.    Doe Defendants 1 through 10 are sheriff's deputies, police officers, employees and/or agents of Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and are sued in their individual and official capacities. The true names of Does 1 through 10 are presently unknown to Plaintiff. Plaintiff will seek leave of the court to amend this complaint to name these individuals upon learning their true identities and roles in the actions complained of. Currently, Plaintiff sues Does 1 through 10 as fictitiously-named Defendants. Plaintiff is informed and believes that these unknown persons were involved in and are legally responsible for the wrongful actions alleged in this complaint. At all relevant times, these Defendants were acting under color of law.

13.    The Doe Defendants and Defendants FULOP, DAILY, SATHER, and FRAZIER are referred collectively as "the Individual Defendants."

14.    Unless otherwise indicated, each Defendant is sued as the agent and/or employee of every other Defendant acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendants.

3

15. At all times mentioned herein, all COUNTY OF LOS ANGELES officers, employees, and agents were acting pursuant to authority delegated or conferred by Defendant COUNTY OF LOS ANGELES and, in doing or failing to do the things complained of herein, were acting within the scope of that authority.

16. On information and belief, at all times mentioned herein, Defendants and other LOS ANGELES COUNTY SHERIFF'S DEPARTMENT officers, employees, and agents have acted pursuant to the official policies and customs of Defendant COUNTY OF LOS ANGELES, policies and customs that have been approved of, ratified, and/or enforced by the persons and/or entities with the authority to set policy for the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

**FACTS**

17. On May 12, 2007, at approximately 5:00 a.m. at or near 1130 E. Joel St., Carson, California 90745, several LOS ANGELES COUNTY SHERIFF'S DEPARTMENT deputies, including the Individual Defendants, intercepted ALVAREZ, threw him to the ground causing injuries to his head, back, legs and arms and kicked and punched him repeatedly at times using weapons – all without any cause. ALVAREZ did not resist the deputies during this assault and battery. They continued to strike ALVAREZ even as he cried out in pain.

18. At no point during any of the encounters with LOS ANGELES COUNTY SHERIFF'S DEPARTMENT deputies described above was ALVAREZ armed. At no point during any of the encounters with LOS ANGELES COUNTY SHERIFF'S DEPARTMENT deputies described above did ALVAREZ resist. At no point in time did ALVAREZ act in a threatening or violent manner toward the Defendants or anyone else. At no point during any of the encounters with LOS ANGELES COUNTY SHERIFF'S DEPARTMENT deputies described above did any LOS ANGELES COUNTY SHERIFF'S DEPARTMENT deputy read ALVAREZ his rights.

19. The deputies committed the acts described above without a warrant, consent, probable cause or exigent circumstances.

20. At the location and date identified above, the deputies and their agents restrained ALVAREZ's liberty of movement by beating him and holding him in place against his will. They

4

infringed on ALVAREZ's constitutional rights to safety, happiness and privacy by jailing him, confiscating his property, and beating him.

21.     Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and their agents were negligent in hiring the other deputies and their agents who committed the acts described above. They had reason to know that the other deputies and their agents, because of their qualities, were likely to harm ALVAREZ in view of the work entrusted to them. The dangerous qualities that deputies and their agents were aware of upon hiring the other deputies and their agents caused the harm suffered by ALVAREZ.

22.     Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and their agents were negligent in training the other deputies and their agents who committed the acts described above. They had reason to know that the other deputies and their agents, because of their inadequate training, were likely to harm ALVAREZ in view of the work entrusted to them. The inadequate training that deputies and their agents were aware of at the time of the events in question caused the harm suffered by ALVAREZ.

23.     Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and their agents were negligent in supervising the other deputies and their agents who committed the acts described above. They had reason to know that the other deputies and their agents, because of their inadequate supervision, were likely to harm ALVAREZ in view of the work entrusted to them. The inadequate supervision that deputies and their agents were aware of at the time of the incidents in question caused the harm suffered by ALVAREZ.

24.     Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and their agents were negligent in continuing the employment of the other deputies and their agents who committed the acts described above. They had reason to know that the other deputies and their agents, because of their qualities, were likely to harm ALVAREZ in view of the work entrusted to them. The dangerous qualities that Deputies and their agents were aware of while continuing to employ the other Deputies and their agents caused the harm suffered by ALVAREZ.

25.     Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and their agents had a duty to warn ALVAREZ that there was a strong likelihood that the other Deputies and their agents would subject ALVAREZ to the



5

1  actions described above. The Deputies and their agents' failure to do so subjects them to
   liability.

2

3      26.     The actions of the Deputies of Defendants COUNTY OF LOS ANGELES and
   LOS ANGELES COUNTY SHERIFF'S DEPARTMENT their agents constituted assault,
4  battery, negligent infliction of emotional distress, intentional infliction of emotional distress,
5  false imprisonment, violation of right to privacy under the California Constitution Article I, § 1,
6  violation of right to privacy under California common law, negligent hiring, negligent training,
7  negligent supervision, negligent retention and failure to warn.

8      27.     At no point during any of the encounters with the Defendants described above
9  was Plaintiff armed. At no point during any of the encounters with the Defendants described
10 above did Plaintiff resist. At no point during any of the encounters with the Defendants did
11 Plaintiff act in a threatening or violent manner. At no point during any of the encounters with the
   Defendants did any officer read Plaintiff his rights. At no time during the events described
12 above, was Plaintiff a threat to the safety of themselves or others or disorderly.

13     28.     The Defendants committed the acts described above without a warrant, consent,
14 probable cause or exigent circumstances. The Defendants had no legal cause or excuse to seize
15 the person of the Plaintiff.

16     29.     At all times during the events described above, the Defendants were engaged in a
17 joint venture. The Defendants assisted each other in performing the various actions described and
18 lent their physical presence and support and the authority of their office to each other during the
19 said events.

20     30.     At the locations and dates identified above, Defendants and their agents
   restrained Plaintiff's liberty of movement by arresting him. They further restrained his liberty of
21 movement by jailing him overnight. They infringed on Plaintiff's constitutional rights to safety,
22 happiness and privacy by jailing him and confiscating his property.

23     31.     The Defendants and their agents were negligent in hiring the other Officers and
24 their agents who committed the acts described above. They had reason to know that the other
25 Defendants and their agents, because of their qualities, were likely to harm Plaintiff in view of
26 the work entrusted to them. The dangerous qualities that the Defendants and their agents were
27 aware of upon hiring the other Defendants and their agents caused the harm suffered by Plaintiff.

28



6

32.     The Defendants and their agents were negligent in training the other Defendants and their agents who committed the acts described above. They had reason to know that the other Defendants and their agents, because of their inadequate training, were likely to harm Plaintiff in view of the work entrusted to them. The inadequate training that Defendants and their agents were aware of at the time of the events in question caused the harm suffered by Plaintiff.

33.     The Defendants and their agents were negligent in supervising the other Defendants and their agents who committed the acts described above. They had reason to know that the other Defendants and their agents, because of their inadequate supervision, were likely to harm Plaintiff in view of the work entrusted to them. The inadequate supervision that Defendants and their agents were aware of at the time of the incidents in question caused the harm suffered by Plaintiff.

34.     The Defendants and their agents were negligent in continuing the employment of the other Defendants and their agents who committed the acts described above. They had reason to know that the other Defendants and their agents, because of their qualities, were likely to harm Plaintiff in view of the work entrusted to them. The dangerous qualities that Defendants and their agents were aware of while continuing to employ the other Officers and their agents caused the harm suffered by Plaintiff.

35.     The Defendants and their agents had a duty to warn Plaintiff that there was a strong likelihood that the other Defendants and their agents would subject Plaintiff to the actions described above. The Defendants and their agents' failure to do so subjects them to liability.

36.     As a consequence of Plaintiff's treatment by certain LOS ANGELES COUNTY SHERIFF'S DEPARTMENT officers described above, Plaintiff suffered damages, including physical injuries, as well as emotional distress and humiliation, violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person.

37.     The actions of the Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff: (a) Freedom from the unreasonable seizure of his person; (b) Freedom from the use of excessive, unreasonable and unjustified force against his person.

///



7

## COUNT 1.

### 42 U.S.C. § 1983 Against Individual Defendants

38. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

39. Plaintiff claim damages for the injuries set forth above under 42 U.S.C. § 1983 against the Defendants for violation of his constitutional rights under color of law.

## COUNT 2.

### Assault Against the Individual Defendants

40. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

41. Defendants assaulted Plaintiff.

42. As a result of this assault, Plaintiff suffered damages as aforesaid.

## COUNT 3.

### Battery Against the Individual Defendants

43. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

44. Defendants battered Plaintiff.

45. As a result of this battery, Plaintiff suffered damages as aforesaid.

## COUNT 4.

### False Arrest and Illegal Imprisonment Against the Individual Defendants

46. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

47. Defendants illegally arrested and illegally imprisoned Plaintiff.

48. As a result of this false arrest and illegal imprisonment, the Plaintiff suffered the damages as aforesaid.

///

///



8

## COUNT 5.

### Intentional Infliction of Emotional Distress Against the Individual Defendants

49.    Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

50.    Defendants subjected the Plaintiff to outrageous conduct by which Defendants intended to cause, or recklessly in disregard of the probability of causing, emotional distress that led to severe emotional suffering by Plaintiff and is the actual and proximate cause of the Plaintiff's emotional distress. The Defendants conduct was so extreme that it exceeded all bounds of that usually tolerated in a civilized society.

51.    As a result of this intentional infliction of emotional distress, Plaintiff suffered damages as aforesaid.

## COUNT 6.

### Negligent Infliction of Emotional Distress Against the Individual Defendants

52.    Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

53.    Defendants negligently subjected Plaintiff to outrageous conduct that led to severe emotional suffering by Plaintiff and is the actual and proximate cause of the Plaintiff's emotional distress. The Defendants' conduct was so extreme as to exceed all bounds of that usually tolerated in a civilized society.

54.    Defendants Officer One, Two, Three, Four, Five and Six illegally arrested and illegally imprisoned Plaintiff.

55.    As a result of this negligent infliction of emotional distress, the Plaintiff suffered the damages as aforesaid.

## COUNT 7.

### Negligent Hiring Against All Defendants

56.    Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

57.    The Defendants were negligent in hiring the other Defendants who committed the acts described above. They had reason to know that the other Defendants, because of their

9

qualities, were likely to harm the Plaintiff in view of the work entrusted to them. The dangerous qualities that Defendants were aware of upon hiring the other Defendants caused the harm suffered by the Plaintiff.

## COUNT 8.

### Negligent Training Against All Defendants

58.     Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

59.     The Defendants were negligent in training the other Defendants who committed the acts described above. They had reason to know that the other Defendants, because of their inadequate training, were likely to harm the Plaintiff in view of the work entrusted to them. The inadequate training that Defendants were aware of at the time of the events in question caused the harm suffered by the Plaintiff.

## COUNT 9.

### Negligent Supervision Against All Defendants

60.     Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

61.     Defendants Officer One, Two, Three and Four illegally arrested and illegally imprisoned Plaintiff.

62.     The Defendants were negligent in supervising the other Defendants who committed the acts described above. They had reason to know that the other Defendants, because of their inadequate supervision, were likely to harm the Plaintiff in view of the work entrusted to them. The inadequate supervision that Defendants were aware of at the time of the incidents in question caused the harm suffered by the Plaintiff.

## COUNT 10.

### Negligent Retention Against All Defendants

63.     Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.



64.     The Defendants were negligent in continuing the employment of the other Defendants who committed the acts described above. They had reason to know that the other Defendants, because of their qualities, were likely to harm the Plaintiff in view of the work entrusted to them. The dangerous qualities that Defendants were aware of while continuing to employ the other Defendants caused the harm suffered by the Plaintiff.

## COUNT 11.

### Failure to Warn Against All Defendants

65.     Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

66.     The Defendants had a duty to warn Plaintiff that there was a strong likelihood that the other Defendants would subject Plaintiff to the actions described above. The Defendants' failure to do so subjects them to liability.

## COUNT 12.

### 42 U.S.C. § 1983 Against County of Los Angeles and Los Angeles County Sheriff's Department

67.     Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

68.     Prior to July 13, 2006, Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Los Angeles, which caused the violation of Plaintiff's rights.

69.     It was the policy and/or custom of Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

70.     It was the policy and/or custom of Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT to inadequately supervise and train its sheriff's deputies, including the defendant officers, thereby failing to adequately



11

1  discourage further constitutional violations on the part of its sheriff's deputies. Defendants
2  COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
3  did not require appropriate in-service training or re-training of officers who were known to have
   engaged in police misconduct.

4      71.    As a result of the above described policies and customs, sheriff's deputies of
5  Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S
6  DEPARTMENT, including the Defendants, believed that their actions would not be properly
7  monitored by supervisory officers and that misconduct would not be investigated or sanctioned,
8  but would be tolerated.

9      72.    The above described policies and customs demonstrated a deliberate indifference
10 on the part of policymakers of Defendants COUNTY OF LOS ANGELES and LOS ANGELES
   COUNTY SHERIFF'S DEPARTMENT to the constitutional rights of persons within the
11
   Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S
12
   DEPARTMENT, and were the cause of the violations of Plaintiff's rights alleged herein.
13

14                        **PRAYER FOR RELIEF**

15      73.    WHEREFORE, Plaintiff seek judgments against each and every Defendant, and
16 all of them, jointly and severally, for:

17          (A)    All actual, consequential and incidental financial losses, including but not
18 limited to loss of earnings, according to proof, including medical expenses occasioned by
19 Defendants' actions;

20          (B)    General damages for emotional distress, humiliation, and for physical and
   mental injuries;
21
            (C)    Punitive damages pursuant to 42 U.S.C. § 1988 or any other provision
22
   allowed by law;
23
            (D)    Attorney fees pursuant to 42 U.S.C. § 1988 or any other provision allowed
24 by law;

25

26 ///

27 ///

28



12

(E)      Costs and expenses pursuant to 42 U.S.C. § 1988 or any other provision allowed by law; and

(D)      Such other and further relief as the court deems proper.

Respectfully submitted,

THE SPIVAK LAW FIRM

Date:     September 16, 2008      By: _____
DAVID G. SPIVAK, Attorney for
Plaintiff, DANIEL ALVAREZ

## JURY TRIAL DEMANDED

Pursuant to F.R.C.P. 38, Plaintiff demands trial by jury on all claims and counts so triable by right.

Respectfully submitted,

THE SPIVAK LAW FIRM

Date:     September 16, 2008      By: _____
DAVID G. SPIVAK, Attorney for
Plaintiff, DANIEL ALVAREZ



13

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV08- 6118 AHM (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

_____

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

DAVID G. SPIVAK, State Bar # 179684
THE SPIVAK LAW FIRM
9454 Wilshire Blvd.
Suite 303
Beverly Hills, CA 90212
Telephone (310) 499-4730

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DANIEL ALVAREZ, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) <br> v. | **CV08-06118** AHM (MANx) |
| COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; ROBERT FULOP; ...(continued on attachment) <br><br> DEFENDANT(S). | **SUMMONS** |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within _____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, DAVID G. SPIVAK _____, whose address is 9454 Wilshire Blvd., Suite 303, Beverly Hills, CA 90212 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ SEP 17 2008 _____

By: _Natalie Hongeria_
         Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Attachment to Summons

(Defendants continued)... KENNETH DAILY; STEVE SATHER; DEPUTY
FRAZIER, first name unknown; and DOES 1 THROUGH 10, in their individual and
official capacities,

     *Defendants(s).*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □)<br>DANIEL ALVAREZ | DEFENDANTS<br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; ROBERT FULOP; KENNETH DAILY; STEVE SATHER; AND DEPUTY FRAZIER |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>David G. Spivak, The Spivak Law Firm, 9454 Wilshire Blvd., Suite 303, Beverly Hills, CA 90212, (310) 499-4730 | Attorneys (If Known) |

**I. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**/. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**:LASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No     ☑ **MONEY DEMANDED IN COMPLAINT:** $ according to proof

**/I. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
civil rights violations resulting from police misconduct

**/II. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | | | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | | | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| | ☐ 290 All Other Real Property | | | | |

'OR OFFICE USE ONLY:   Case Number: **CV08-06118**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**III(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
yes, list case number(s): _____

**III(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
yes, list case number(s): _____

ivil cases are deemed related if a previously filed case and the present case:

heck all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| OS ANGELES (DANIEL ALVAREZ) | |

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| .OS ANGELES (ALL DEFENDANTS) | |

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| .OS ANGELES (ALL CLAIMS) | |

Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
ote: In land condemnation cases, use the location of the tract of land involved.

. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date SEPTEMBER 16, 2008

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

ey to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

V-71 (05/08)  CIVIL COVER SHEET  Page 2 of 2